WO

NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Denna Bland,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-18-00436-PHX-DJH<br><br>**ORDER** |

Plaintiff seeks judicial review of the Social Security Administration Commissioner's decision denying her application for Social Security Disability Insurance ("SSDI") benefits (Doc. 12). Plaintiff filed an Opening Brief, Defendant filed a Response, and Plaintiff filed a Reply. (Docs. 12, 13, and 14). After review of the record, the parties' briefs, and applicable law, the decision of the Commissioner is reversed and remanded for further proceedings consistent with this Order.

**I.   BACKGROUND**

Plaintiff initially filed an application for SSDI benefits under Title II of the Social Security Act on April 17, 2014, alleging disability beginning November 1, 2013. (AR[1] 52). Plaintiff was 47 years old at the time of her alleged onset of disability. (AR 217). Plaintiff graduated high school and attended some college but did not graduate with her degree. (*Id.*) Her past employment includes jobs as a phlebotomist and cook. (AR 229). Plaintiff claims she is unable to work due to lower back pain that radiates down her left leg, right

---
[1] Citations to "AR" are to the administrative record.

knee impairment, bulging discs in her neck, and carpal tunnel in both hands and her right elbow. (AR 219).

After state agency denials, the Administrative Law Judge ("ALJ") held a hearing on January 25, 2017. (AR 214-30). Following the hearing, the ALJ issued an unfavorable decision on March 31, 2017. (AR 49-60). Plaintiff appealed the ALJ's decision to the Social Security Administration Appeals Council. (AR 1-4). The Appeals Council affirmed the ALJ's decision; therefore, the ALJ's decision was the agency's final decision. (AR 2). On February 7, 2018, Plaintiff filed her Complaint, pursuant to 42 U.S.C. § 405(g), requesting judicial review and reversal of the ALJ's decision. (Doc. 1).

## II.  LEGAL STANDARDS

In *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014), the Ninth Circuit Court of Appeals reiterated the well-settled standards governing judicial review of an ALJ's disability determination. "An ALJ's disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." *Id.* at 1009 (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); 42 U.S.C. §§ 405(g), 1383(c)(3)). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). In determining whether substantial evidence supports the ALJ's decision, a district court considers the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). The ALJ is responsible for resolving conflicts, ambiguity, and determining credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

A district court considers only those issues raised by the party challenging the ALJ's

decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). Similarly, the Court can "review only the reasons provided by the ALJ . . . and may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

### III. DISCUSSION

Plaintiff argues that the ALJ erred (1) in finding that Plaintiff's spine disorders, which the ALJ found to be a severe impairment, did not meet, or equal, criteria for presumptive disability in the Listing of Impairments ("Listing") in step three; (2) by failing to state clear and convincing reasons for discrediting Plaintiff's subjective symptom testimony; (3) when weighing the opinion of treating physician, Dr. Kapur. (Doc. 12 at 1). Plaintiff asks this Court to remand for an award of benefits, or in the alternative to remand for further proceedings. (*Id.* at 23–24). Defendant argues that the ALJ's decision should be affirmed because it was free from harmful error. (Doc. 13).

#### A. ALJ's Five–Step Evaluation Process

To be eligible for Social Security benefits, a claimant must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The ALJ follows a five-step evaluation process to determine whether an applicant is disabled under the Social Security Act:

> The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in "substantial gainful activity" and considering the severity of the claimant's impairments. *See* 20 C.F.R. § 416.920(a)(4)(i)-(ii). If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the duration requirement. *See id.* § 416.920(a)(4)(iii). If so, the claimant is considered disabled and benefits are awarded, ending the inquiry. *See id.* If the process continues beyond the third step, the fourth and fifth steps consider the claimant's "residual functional capacity" in determining whether the claimant can still do past relevant work or make an

adjustment to other work. *See id.* § 416.920(a)(4)(iv)-(v).

*Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013).

Applying the five-step evaluation process, the ALJ found that Plaintiff was not disabled and not entitled to benefits. (AR 60). At step one, the ALJ concluded the Plaintiff did not engage in substantial gainful activity since the application date. (AR 54). At step two, the ALJ determined the Plaintiff's spine disorders were severe impairments. (*Id.*) Additionally, the ALJ found Plaintiff's right knee impairment and carpal tunnel syndrome to be non-severe impairments. (AR 54–55). At step three, the ALJ held that Plaintiff "[does] not have an impairment or combination of impairments that [meets] or medically equal[s] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 . . . ." (AR 55-56). At step four, the ALJ determined that Plaintiff had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except she should never climb ropes, ladders, or scaffolds. (AR 56-59). The ALJ further found that Plaintiff was able to perform the requirements of her past relevant work as a phlebotomist. (AR 59). The ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from November 1, 2013, through the date of the decision. (AR 60).

### B. Determination Regarding Presumptive Disability

Plaintiff argues that the ALJ's step three determination that her spine disorders, which the ALJ determined to be a severe impairment, did not meet or equal the requirement of Listing 1.04A was a harmful error. (Doc. 12 at 21). Defendant counters that Plaintiff failed to meet her burden of establishing that her impairment met or equaled any of the impairments in the Listings, including 1.04A. (Doc. 13 at 11).

At step three of the five-part sequential evaluation for determining disability, the ALJ must determine whether a plaintiff's impairment or combination of impairments meets or equals one of the specific impairments in the Listings. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The physical and mental conditions contained in the Listings "are considered so severe that they are irrebuttably presumed disabling, without any specific

finding as to the claimant's ability to perform his past relevant work or any other jobs." *Lester v. Chater*, 81 F.3d 821, 828 (9th Cir. 1995). The Listings were "designed to operate as a presumption of disability that makes further inquiry unnecessary." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). If a claimant establishes that her impairment met or equaled a Listing, she will be found presumptively disabled. 20 C.F.R. §§ 404.1525–404.1526, 416.925–416.926.

For an impairment or combination of impairments to meet a Listing, all of the criteria of that Listing must be satisfied for the requisite durational period. *Zebley*, 483 U.S., at 530 (stating that the impairment "must meet all of the specific medical criteria" in the Listing); *see also* 20 C.F.R. §§ 416.909, 416.925(c)(3). For an impairment or combination of impairments to equal a Listing, the claimant "must present medical findings equal in severity to all the criteria for the one most similar listed impairment." *Zebley*, 493 U.S., at 531; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 416.926(a)-(b). The Plaintiff bears the burden of proving that she has an impairment that meets or equals the criteria of a Listing impairment. *See Cunningham v. Astrue*, 2011 WL 5103760, at *3 (C.D. Cal. Oct. 27, 2011) ("Although a claimant bears the burden of proving that she has an impairment or combination of impairments that meets or equals the criteria of a listed impairment, an ALJ must still adequately discuss and evaluate the evidence before concluding that a claimant's impairments fail to meet or equal a listing.").

Listing 1.04 provides, in relevant part:

1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04. Listing 1.04A thus requires four elements,

plus an additional one when the lower back is involved: (1) a disorder of the spine as specified; (2) evidence of nerve root compromise; (3) limitation of motion of the spine; (4) motor loss (atrophy with associated muscle weakness) accompanied by sensory or reflex loss; and, in cases of lower back involvement, (5) a positive straight-leg raising test. *Id.* Each of these elements must be present simultaneously. *Zebley*, 483 U.S., at 530.

Here, the ALJ concluded that although Plaintiff's spine disorders were severe impairments, they did not meet or equal any of the impairments in the Listing. (AR 56). Plaintiff claims that the record reflects that Listing 1.04A "plausibly applies to [her] case" and that the ALJ's conclusory finding at step three was insufficient to support the finding that Plaintiff's impairments did not meet or equal Listing 1.04A. (Doc. 12 at 20). The Court agrees. In *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990), the Ninth Circuit held that an ALJ must explain and evaluate the evidence that supports his step three finding. An ALJ's unexplained finding at step three that "[t]he claimant has failed to provide evidence of medically determinable impairments that meet or equal the Listings," was reversible error, because the ALJ failed to adequately explain why certain medical evidence of record and/or the combined effects of the claimant's impairments did not equal the Listing in question. *Id.*

Here, Plaintiff claims that her spine disorders meets Listing 1.04A because she had several qualifying diagnoses, including herniated nucleus pulposus (AR 568, 573-75) and spinal stenosis (AR 573, 575, 578, 620, 629, 710, 744, 910-17); had evidence of nerve root compression, including radiculopathy (AR 568, 575, 619-22), and medical evidence showed reduced grip strength (AP 910-17); numbness and tingling (AR 910-17); and positive straight-leg raising tests. (AR 910-17). Yet, the ALJ found that:

> The evidence does not support that the claimant has the severity of symptoms to meet or equal any of the listings, singly or in combination, including but not limited to, those found under medical listings 1.00. No treating or examining physician has recorded findings equivalent in severity to the criteria of any listed impairment. Nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment.

(AR 56). Except for the foregoing statement, the ALJ provided no explanation to support his finding. The ALJ's conclusory statement is the type of "boilerplate finding" the Ninth Circuit has found insufficient at step three. *Lewis*, 236 F.3d at 512. In light of the evidence in the record, the ALJ's conclusory determination was insufficient to support the conclusion that Plaintiff's spine disorders did not meet or equal Listing 1.04A. On remand, the ALJ must evaluate the evidence in the record and explain his findings before reaching a conclusion as to whether Plaintiff's cervical impairment meets or equals Listing 1.04A.

## IV.  CONCLUSION

The ALJ erred at step three of the sequential evaluation by failing to explain why Plaintiff's severe impairment did not meet or equal a listed impairment. Plaintiff also contends that the ALJ erred by rejecting the opinion of treating physician, Dr. Kapur, and disregarding Plaintiff's subjective complaint testimony without sufficient explanation. The Court need not consider these arguments in light of the remand on other grounds. *Marcia*, 900 F.2d at 177 n.6 ("Because we remand for reconsideration of step three, we do not reach the other arguments raised.").

The decision to remand for further proceedings is within the discretion of the district court. *Harman v. Apfel*, 211 F.3d 1172, 1175–78 (9th Cir. 2000). "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In Social Security cases, the decision to remand for further proceedings or simply to award benefits is within the discretion of the court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Id.* (alteration in original) (internal quotation marks omitted). The Court finds that remand for further proceedings is appropriate for clarification regarding the ALJ's determination at step three.

Accordingly,

**IT IS ORDERED** that the decision of the Commissioner is **REVERSED** and the case **REMANDED** to the ALJ for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated this 15th day of March, 2019.

Honorable Diane J. Humetewa
United States District Judge